DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NIKEIRA MARTINEZ AVILA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2599

[July 30, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy Bailey, Judge; L.T. Case No. 19014566CF10A.

Daniel Eisinger, Public Defender, and Robert Porter, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Lindsay A. Warner, Senior Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from her conviction and sentence for grand theft of a person sixty-five years of age or older, of property valued between $300.00 and $10,000.00. The defendant raises five issues—the first two of which challenge her conviction, and the latter three of which challenge her sentence. Of these five issues, only one has merit.

On that issue, the defendant argues the circuit court erred in imposing a $50.00 monthly supervision cost under section 948.09(1)(a)1., Florida Statutes (2023). Section 948.09(1)(a)1. pertinently provides:

> Any person ordered by the court ... to be placed under supervision ... must, as a condition of any placement, pay the department a total sum of money equal to the total month or portion of a month of supervision times the court-ordered amount, but not to exceed the actual per diem cost of the supervision. ... The rules shall incorporate provisions by which the offender's ability to pay is linked to an established written payment plan. ...

§ 948.09(1)(a)1., Fla. Stat. (2023).

According to the defendant, although "it is a general condition of probation for a trial court to impose some cost of probation, nothing in [section 948.09(1)(a)1.] specifically authorizes a trial court to impose a $50 cost."

Applying de novo review, we agree with this argument. *See Bevans v. State*, 291 So. 3d 591, 593 (Fla. 4th DCA 2020) ("Imposing costs … involves a question of statutory interpretation, which is reviewed de novo.").

Our recent opinion in *Frank v. State*, 391 So. 3d 918 (Fla. 4th DCA 2024), is dispositive:

> The pertinent question raised in this appeal centers on the issue of the amount to be assessed for the cost of supervision. As [the defendant] correctly points out, section 948.09 does not provide for a $50.00 cost of supervision for a defendant on felony probation. Rather, section 948.09(1)(b), Florida Statutes (2022), provides that any person placed on *misdemeanor* probation by a county court must contribute not less than $40 per month for supervision. However, section 948.09 places no minimum value for the cost of *felony* supervision. *See* § 948.09(1)(a)1., Fla. Stat. (2022).
>
> … [B]ecause no statutory authority sets that cost amount, an evidentiary hearing on the proper amount is required. …
>
> … While section 948.09 does not set a specific value, section 948.09 clearly provides that a person placed on probation "must" pay "a total sum of money equal to the total month or portion of a month of supervision times the court-ordered amount, but not to exceed the actual per diem cost of the supervision." § 948.09(1)(a)1., Fla. Stat. (2022). What that amount should be is left for the trial court's determination.

*Id.* at 920 (underlining added; internal citations omitted).

Accordingly, we reverse the imposition of the $50.00 monthly supervision cost and remand for the circuit court to conduct an evidentiary hearing to determine the monthly supervision cost. *Id.* at 920-21.

2

As stated above, on all other issues raised in this appeal, we affirm without further discussion.

*Affirmed in part, reversed in part, and remanded with directions.*

KUNTZ, C.J., and ARTAU, J., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**